UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The CIT Group/Equipment Financing, Inc. and CIT Group Inc., | Civil Action No. _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| Western Petroleum Company, | |
| Defendant. | |

The CIT Group/Equipment Financing, Inc. ("CIT Financing") and CIT Group Inc. ("CIT Group" and, collectively with CIT Financing, "CIT" or "Plaintiffs") by its undersigned attorneys, as and for its complaint against Western Petroleum Company ("Western Petroleum" or "Defendant") respectfully allege as follows:

## NATURE OF THE ACTION

1. This Complaint arises out of Western Petroleum's refusal to meet its express contractual obligations to defend, indemnify, and hold CIT Financing and its affiliates, including CIT Group, harmless from and against any and all claims in connection with or resulting from the possession, use, and/or operation of railcars leased by Western Petroleum from CIT Financing pursuant to a railcar lease.

## THE PARTIES

2. CIT Financing is a corporation organized under the laws of the State of Delaware with a principal place of business in Chicago, Illinois.

3.     CIT Group is a corporation organized under the laws of the State of Delaware with a principal place of business in Livingston, New Jersey.

4.     CIT Financing is a wholly owned subsidiary of CIT Group.

5.     CIT Group is an affiliate of CIT Financing and vice versa.

6.     Upon information and belief, Western Petroleum is a corporation organized under the laws of the State of Minnesota with its principal place of business in Eden Prairie, Minnesota.

7.     According to its website, Western Petroleum is one of the nation's largest petroleum marketing companies and supplies gasoline, fuels, propane, lubricants and specialty products for customers throughout the country.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

9.     This Court has personal jurisdiction over Western Petroleum because Western Petroleum has resided in, transacted business in, and was found in this District.

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Western Petroleum resides in Minnesota.

## **FACTUAL ALLEGATIONS**

<u>The Master Railcar Lease Agreement</u>

11.     Western Petroleum and CIT Financing are parties to a Master Railcar Lease, dated as of May 1, 2011, and the corresponding schedules thereto (the "MRL Agreement"). Under the MRL Agreement, Western Petroleum leased certain railcars from CIT Financing.

12.     The MRL Agreement is a valid and enforceable contract.

13.     Under Section 12 of the MRL Agreement, Western Petroleum "agree[d] to defend, indemnify and hold Lessor and its affiliates, and their respective agents, directors, officers, employees, successors and assigns harmless from and against any claim (including without limitation strict liability in tort and/or relating to environmental matters) of whatsoever nature and regardless of the cause thereof arising out of this Agreement or in connection with or resulting from the delivery, possession, ownership, leasing, condition, use, loss of use, maintenance, return or operation of the Cars during the Lease Term[.]"

14.     Western Petroleum, pursuant to Section 6 of the MRL Agreement, was also required to "keep or cause to be kept with insurance companies acceptable to Lessor, railroad liability or comprehensive general liability insurance with no railcars operations exclusions, including sudden and accidental pollution liability coverage, in a combined single limit of not less than $10,000,000.00, per occurrence and with deductibles/retentions not greater than $500,000.00 with such deductibles specified on

the certificate. Lessee shall provide to Lessor on or prior to delivery and within fifteen (15) days prior to each policy expiration or replacement thereof, original signed certificates of insurance in such form and terms as required by Lessor including any other reasonable policy information that Lessor may require from time to time to evidence Lessee's compliance."

15. Under Section 14(A) of the MRL Agreement, Western Petroleum also has to "promptly furnish to Lessor the annual report or audited financial statements of Lessee or its ultimate parent company (at Lessor's option) not more than one hundred and twenty (120) days after the end of its fiscal year and any other financial information with respect to Lessee and its parent company as Lessor may reasonably request from time to time."

16. Under Section 14(M) of the MRL Agreement, the terms of the MRL Agreement and the obligations thereunder are governed by New York law, without regard to New York's choice of law doctrine.

17. Western Petroleum used the railcars leased under the MRL Agreement to transport crude oil.

The Derailment and Resulting Litigations

18. On July 6, 2013, a train derailment occurred in Lac-Mégantic, Québec, Canada (the "Derailment").

19. The Derailment involved railcars Western Petroleum leased from CIT Financing under the MRL Agreement.

20. In connection with the Derailment, CIT Group has been named as a defendant in at least the following seven lawsuits (these and any related United States litigations, collectively referred to as the "U.S. Derailment Lawsuits"):

   a. *Begnoche v. Western Petroleum Company, et al.*, No. 1:13-cv-06257;

   b. *Proteau v. Western Petroleum Company, et al.*, No. 1:13-cv-06258;

   c. *Boulanger v. Western Petroleum Company, et al.*, No. 1:13-cv-06261;

   d. *Dubois-Couture v. Western Petroleum Company, et al.*, No. 1:13-cv-06262;

   e. *Charest (Alyssa) v. Western Petroleum Company, et al.*, No. 1:13-cv-06263;

   f. *Couture v. Western Petroleum Company, et al.*, No. 1:13-cv-06264; and

   g. *Charest (Bianka) v. Western Petroleum Company, et al.*, 1:13-cv-06266.

21. These matters were originally filed in the State of Illinois, were removed to the United States District Court for the Northern District of Illinois, and were subsequently transferred from the Northern District of Illinois to the United States District Court for the District of Maine.

22. Also in connection with the Derailment, CIT Financing has been named as a defendant in a class action complaint titled *Gagne, et al. v. Rail World Inc., et al.*, No. 480-06-000001-132, which is currently pending in Superior Court, District of Mégantic,

Province of Québec, Canada ("Canadian Derailment Lawsuit," and collectively with the U.S. Derailment Lawsuits, the "Derailment Lawsuits").

23. The Derailment Lawsuits bring claims against CIT Group and/or CIT Financing and other defendants for damage allegedly caused by the Derailment and resulting explosion. The plaintiffs in these lawsuits allege that the Derailment resulted in over forty-seven deaths, destroyed numerous buildings, and spilled over 1.5 million gallons of crude oil from railcars.

24. Western Petroleum is also a named defendant in each of the Derailment Lawsuits.

<u>Western Petroleum's Breaches of the MRL Agreement</u>

25. On September 19, 2013, CIT wrote to Western Petroleum and requested that Western Petroleum confirm its obligations under Section 12 of the MRL Agreement with respect to the Derailment. CIT also asked that Western Petroleum confirm that it maintained the insurance required under Section 6 of the MRL Agreement.

26. Western Petroleum did not respond to CIT's September 19, 2013 letter.

27. On October 10, 2013, counsel for CIT wrote to counsel for Western Petroleum following up on the September 19, 2013 letter and requested that Western Petroleum provide CIT with its position on the issues raised in the September 19, 2013 letter.

28. Western Petroleum did not respond to CIT's October 10, 2013 letter.

29. On November 8, 2013, counsel for CIT again wrote to counsel for Western Petroleum, this time following up on the September 19, 2013 and October 10, 2013 letters. CIT again asked Western Petroleum to confirm its obligations under Section 12 of the MRL Agreement with respect to the Derailment.

30. With its November 8, 2013 letter, CIT included billing statements for its legal fees and costs in defending the U.S. Derailment Lawsuits for August and September 2013, and asked that Western Petroleum confirm that it will reimburse CIT for these fees and costs.

31. The November 8, 2013 letter again asked Western Petroleum to confirm that it has maintained the insurance coverage required by Section 6 of the MRL Agreement, inform CIT of any other policies that may provide coverage in connection with the Derailment, and provide copies of all relevant insurance policies to CIT. CIT also requested that Western Petroleum, pursuant to Section 14(A) of the MRL Agreement, provide its most recent financial statements.

32. Western Petroleum provided a single insurance policy, but did not otherwise respond to the November 8, 2013 letter.

33. On December 18, 2013, counsel for CIT sent another letter to Western Petroleum's counsel requesting that Western Petroleum meet its indemnity and other obligations under the MRL Agreement.

34. Western Petroleum did not respond to the December 18, 2013 letter.

35. On January 10, 2014, following a telephone conversation between counsel, CIT's counsel forwarded billing statements for its legal fees and costs in defending the U.S. Derailment Lawsuits for October and November 2013, and asked that Western Petroleum provide its position regarding its indemnity obligations.

36. Western Petroleum did not respond to the January 10, 2014 letter.

37. On February 14, 2014, CIT's counsel further corresponded with Western Petroleum's counsel regarding Western Petroleum's indemnity obligations and obligations to provide insurance policies and financial statements.

38. Western Petroleum never responded that payments would be made or that all of the requested insurance policies and financial statements would be provided.

39. On May 6, 2014, CIT's counsel again wrote to Western Petroleum's counsel concerning Western Petroleum's defense and indemnification obligations to CIT under the MRL Agreement.

40. In the May 6, 2014 letter, CIT informed Western Petroleum that the court-appointed trustee in the Chapter 11 case of Montreal Maine & Atlantic Railway, Inc. ("MM&A")—the railroad company involved in the Derailment—had been in discussions with various named insureds under MM&A's railroad liability insurance policies, including CIT, concerning a potential settlement. Under the settlement proposed by the trustee, CIT would make a payment to the bankruptcy estate in exchange for certain releases.

41. In its May 6, 2014 letter, CIT, in part, requested that Western Petroleum indemnify CIT for any settlement payment, subject to the settlement becoming effective, and CIT's fees and costs relating to the Derailment.

42. On May 19, 2014, following a May 16, 2014 telephone conversation between counsel, CIT's counsel forwarded billing statements for its legal fees and costs in defending the U.S. Derailment Lawsuits for December 2013 through March 2014.

43. To date, Western Petroleum still has not provided a substantive response to CIT's inquiries and has not agreed to pay CIT's legal fees or otherwise defend or indemnify CIT.

## CLAIMS FOR RELIEF

### Count 1 – Breach of Contract

44. Plaintiffs allege and incorporate by reference each and every allegation above as if fully set forth herein.

45. The MRL Agreement requires that Western Petroleum defend, indemnify and hold CIT Financing and its affiliates harmless from and against any claim in connection with or resulting from the possession, use, and/or operation of the railcars leased by Western Petroleum.

46. The Derailment Lawsuits involve claims against CIT Group in connection with or resulting from Western Petroleum's possession, use, and/or operation of railcars leased under the MRL Agreement.

47. CIT Group is an affiliate of CIT Financing.

48. Western Petroleum has made no effort to defend CIT Financing and/or CIT Group in the Derailment Lawsuits.

49. CIT Group incurred legal fees and costs in an amount exceeding $1.9 million in connection with defending the U.S. Derailment Lawsuits from August 2013 to March 2014.

50. CIT Group continues to incur fees and costs in connection with defending and/or settling the U.S. Derailment Lawsuits.

51. CIT Financing has also incurred additional legal fees and costs in defending the Canadian Derailment Lawsuit.

52. CIT Financing continues to incur fees and costs in connection with defending and/or settling the Canadian Derailment Lawsuit.

53. Western Petroleum has not reimbursed CIT for or otherwise paid these amounts in connection with the Derailment Lawsuits.

54. Western Petroleum's failure to do so is a breach of Section 12 of the MRL Agreement.

55. CIT Financing has fulfilled its obligations under the MRL Agreement.

56. Western Petroleum's breaches have caused damage to CIT.

57. CIT's damages exceed $2 million and continue to grow.

## Count 2 – Declaratory Judgment Pursuant to 28 U.S.C. § 2201

58. Plaintiffs allege and incorporate by reference each and every allegation above as if fully set forth herein.

59. There exists an actual controversy between CIT and Western Petroleum concerning Western Petroleum's obligations under the MRL Agreement.

60. CIT has repeatedly asked Western Petroleum to confirm that it will meet its indemnity and defense obligations under Section 12 of the MRL Agreement with respect to the Derailment Lawsuits.

61. Western Petroleum has ignored these requests and refused to confirm its contractual obligations.

62. Accordingly, CIT requests that the Court determine the rights of the parties under Sections 12 of the MRL Agreement with respect to the Derailment Lawsuits and declare that Western Petroleum owes CIT Group and its affiliates, including CIT Financing, indemnification for any losses in the Derailment Lawsuits, including defense fees and costs and the payment of any necessary settlement amount, and any other claim of whatsoever nature and regardless of the cause thereof arising out of the MRL Agreement or in connection with or resulting from the delivery, possession, ownership, leasing, condition, use, loss of use, maintenance, return or operation of railcars leased under the MRL Agreement, and for any legal fees in defense of such claims.

## Count 3 – Breach of Contract Relating to Railcar Damage

63. Plaintiffs allege and incorporate by reference each and every allegation above as if fully set forth herein.

64. During the Derailment, certain railcars Western Petroleum leased from CIT Financing under the MRL Agreement were damaged and/or destroyed.

65. Under Section 8 of the MRL Agreement, Western Petroleum is responsible for such damage and/or destruction.

66. In its May 6 letter, CIT demanded that Western Petroleum pay CIT $839,748.08 for such damage and/or destruction.

67. Western Petroleum has not made this payment to CIT.

68. CIT Financing has fulfilled its obligations under the MRL Agreement.

69. Western Petroleum's breach has caused damage to CIT.

70. CIT's damages total at least $839,748.08 as the result of damage and/or destruction to the railcars.

## Count 4 – Attorneys' Fees

71. Plaintiffs allege and incorporate by reference each and every allegation above as if fully set forth herein.

72. Section 10 of the MRL Agreement entitles CIT to recover all its costs and expenses, including attorneys' fees, in enforcing its rights and remedies under the MRL Agreement.

73. CIT has incurred, and will continue to incur, fees and costs, including attorneys' fees, in prosecuting this action and enforcing its rights under the MRL Agreement.

### Request for Relief

Accordingly, CIT requests that this Court grant the following relief:

a. Enter judgment in favor of CIT requiring Western Petroleum to pay damages in the amount of the attorneys' fees and costs expended in defense of the Derailment Lawsuits, the precise amount to be determined;

b. Enter judgment in favor of CIT declaring that (i) Western Petroleum is required under Section 12 of the MRL Agreement to indemnify and hold CIT Financing and its affiliates, including CIT Group, harmless from and against the claims in the Derailment Lawsuits, including paying defense fees and costs and paying for any necessary settlement, and any other claims resulting from the delivery, possession, ownership, leasing, condition, use, loss of use, maintenance, return or operation of railcars leased under the MRL Agreement, and (ii) Western Petroleum is required under Section 12 of the MRL Agreement to pay the ongoing fees and costs incurred by CIT in defending the Derailment Lawsuits and any other claims resulting from the delivery, possession, ownership, leasing,

    condition, use, loss of use, maintenance, return or operation of railcars leased under the MRL Agreement;

c. Enter judgment in favor of CIT requiring Western Petroleum to pay $839,748.08 for damage and/or destruction to railcars involved in the Derailment that Western Petroleum leased from CIT Financing under the MRL Agreement.

d. Enter judgment in favor of CIT ordering Western Petroleum to provide the (i) all insurance policies of Western Petroleum relevant to the Derailment, including those evidencing compliance with Section 6 of the MRL Agreement and (iii) provide its most recent financial statements to CIT pursuant to Section 14(a) of the MRL Agreement;

e. Enter judgment in favor of CIT requiring Western Petroleum to pay CIT's fees and costs in prosecuting this action pursuant to Section 10 of the MRL Agreement;

f. Pre-judgment interest on all amounts owed;

g. Granting such other and further relief as this Court may deem just and proper.

**BASSFORD REMELE,**
*A Professional Association*

Date:  July 28, 2014          By s/Jeffrey R. Mulder
                                         David M. Dahlmeier (License #271792)
                                         Jeffrey R. Mulder (License #0389205)
                                         33 South Sixth Street, Suite 3800
                                         Minneapolis, Minnesota  55402-3707
                                         Telephone:  (612) 333-3000
                                         Facsimile:  (612) 333-8829
                                         Email:  ddahlmeier@bassford.com
                                                     jmulder@bassford.com

                                         *Attorneys for Plaintiffs The CIT Group/Equipment*
                                         *Financing, Inc. and CIT Group Inc.*

1359846.docx